## · GASKELL v. PATTON.

1. **Promissory Note**: UNLAWFUL POSSESSION: EVIDENCE. In an action to recover the value of a promissory note, payable to bearer, of which, as alleged, the defendant had unlawfully obtained possession, the plaintiff must not only prove that the note was his property, but that the defendant's possession was unlawful. It is not necessary for the defendant to set up and prove his title to the note.

### *Appeal from Delaware Circuit Court.*

### THURSDAY, APRIL 20.

ACTION to recover the value of a promissory note alleged to be the property of the plaintiff, and the possession of which has been unlawfully obtained by the defendant. For answer the defendant denies the allegations of the petition and avers that he is the owner of the note by purchase thereof from one Waller. There was a trial to a jury, and verdict and judgment were rendered for the defendant. The plaintiff appeals.

*Blair & Dunham,* for appellant.

*Carr & Dooley* and *Bronson & LeRoy,* for appellee.

ADAMS, J.—The court gave an instruction in these words: "Under the pleadings and the undisputed testimony in this

1. PROMISSORY note: unlawful possession: evidence.

action the plaintiff fails to establish her case, and your verdict should be for the defendant." The giving of this instruction is assigned as error.

The note was made by one James Patton, and was drawn payable to R. B. Griffin, or bearer. But Griffin, in fact, never had any interest in it, but took it for the plaintiff, who was at the time of the execution of it the owner of it. Afterwards it was delivered by Griffin to one Waller and by Waller to the defendant.

The plaintiff insists that the defendant's answer is insufficient in that it does not show that Waller, at the time of the alleged purchase from him by the defendant, was the owner. But in our opinion it was not necessary for him to set up his title. It was sufficient for him to deny the allegations of the petition, which he did do.

The plaintiff insists that the evidence fails to show that the defendant rightfully obtained possession. But the note is payable to bearer, and the defendant's possession will be presumed to be rightful until it is shown to be otherwise. She averred in her petition, as it was incumbent upon her to do, to enable her to recover, that the defendant obtained possession unlawfully. She now claims that it was sufficient for her to prove that she was the original owner; that Griffin had the custody of the note for her; that it was of the value alleged; that before the commencement of the action it came into the possession of the defendant; that she has made a demand of the note from the defendant, and that he has refused to surrender it. But it will be seen at once that such proof, if made, would fall short of showing that the defendant's possession was wrongful.

She did not, indeed, wholly rely upon such facts, but testified that she never gave her consent to Mr. Griffin, or to Mr. Waller, or to any one else, to sell the note to the defendant, Patton, or to any one else. But the defendant might have a right to the possession of it and not be the owner. Suppose that she consented to a transfer of the note to Waller, as collateral security for a debt, for which the defendant was holden, and the defendant paid the debt, and became subrogated to Waller's rights in respect to the securities in his hands, he would be entitled to hold it until he was reimbursed.

Evidence was introduced by the defendant for the purpose of showing that such were substantially the facts. Whether the evidence, without conflict, established the facts we need not determine. It was not incumbent upon the defendant to establish the facts. It was sufficient for him to rest upon his general denial.

But it is claimed by the plaintiff that the evidence shows affirmatively that the note was transferred by Griffin to Waller, and that she did not consent thereto, or at all events did not consent for any valid consideration. We are inclined to think that the evidence shows that she did consent. Whether it shows a consideration for the consent may admit of some doubt, but it does not show a want of consideration, and so the defendant's possession was not proven to be wrongful.

We think that the court did not err in its ruling, and the judgment must be

AFFIRMED.